IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA C. THIESSEN,

    Plaintiff,                               No. CIV S-09-0789 MCE EFB

    vs.

U.S. FOREST SERVICE; U.S. DEPARTMENT OF AGRICULTURE;

    Defendants.                              <u>ORDER</u>

        On June 1, 2011, plaintiff, who is proceeding *pro se*, filed a motion to have her deposition taken telephonically. Dckt. No. 23. The deposition was properly noticed for 10:00 a.m. on Tuesday, June 7, 2011 in Sacramento, California. *Id.*; *see also* Ernce Decl., Dckt. No. 24-1, Ex. A. Defendants filed an opposition to plaintiff's motion on Monday, June 6, 2011. Dckt. No. 24.

        As an initial matter, plaintiff's motion was defectively filed. It was not noticed for hearing, as required by Local Rule 251(a), and plaintiff did not file an application to have the motion heard on shortened time, as provided in Local Rule 144(e). *See* E.D. Cal. L.R. 251(a) ("Except as provided in (e), a hearing of a motion pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the

1

appropriate calendar at least twenty-one (21) days from the date of filing and service."); L.R. 144(e) ("Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action."). Further, plaintiff's motion does not indicate why plaintiff waited until June 1, 2011 to file her motion regarding a deposition that is scheduled to occur on June 7, 2011, especially since plaintiff was notified of the deposition on May 24, 2011. Ernce Decl., Dckt. No. 24-1, Ex. A. The motion also does not indicate that plaintiff tried to resolve the matter with defendants' counsel before filing her motion. *See* Fed. R. Civ. P. 26(c)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.").

More importantly, however, plaintiff has not shown that she is entitled to have her deposition conducted telephonically. Although plaintiff does not state the basis for her motion, there are two provisions in the Federal Rules of Civil Procedure that authorize courts to require that a deposition be conducted telephonically: Rule 30(b)(4) and Rule 26(c)(1). Here, plaintiff has not shown that she is entitled to have her deposition conducted telephonically under either of those Rules.

Rule 30(b)(4) provides that "[t]he parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." Although Rule 30(b)(4) does not specify the standard for evaluating motions to have a deposition conducted telephonically, "[m]ost cases interpreting the rule have held that the party opposing the motion

////
////
////

2

bears the burden of showing that it will suffer prejudice if the motion is granted."[1] *Clinton v. Cal. Dep't of Corrections,* 2009 WL 210459, at *3 (E.D. Cal. Jan. 20, 2009).

Additionally, Rule 26(c)(1) provides that "for good cause, [the court may] issue an order to protect a party or person from . . . undue burden or expense, . . . specifying terms, including time and place, for the disclosure or discovery." The party seeking a protective order must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location. *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. Mar. 18, 1988)*; Phila. Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492 (E.D. Pa. 2003). "The Court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." *James Brooks Co. v. Certain Underwriters at Lloyd's London*, 2006 WL 2168195, at *3 (E.D. Cal. July 31, 2006). "In making its order, the court considers convenience of the parties and relative hardships in attending at the location designated. Only 'undue burden or expense' provides a potential basis for relief from legitimate discovery demands." *Willis v. Mullins*, 2006 WL 894922, at *2 (E.D. Cal. Apr. 4, 2006) (citing *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001)). "'Undue' burden requires parties to show more than expense or difficulty." *Willis*, 2006 WL 894922, at *2.

////

---

[1] Cases disagree as to whether this general standard applies when the party requesting that the deposition be conducted by telephone is the plaintiff-deponent. "Several cases have held that it does not, i.e., that a plaintiff-deponent is unlike other witnesses, and that a plaintiff must therefore comply with defendant's request for an in person deposition unless plaintiff can secure a protective order under Rule 26(c)." *See Clinton v. Cal. Dep't of Corrections,* 2009 WL 210459, at *4 (E.D. Cal. Jan. 20, 2009) (compiling cases). "On the other hand, other cases concerning 30(b)(4) motions have held that plaintiff-deponents are no different from other deponents." *Id.* Here, because plaintiff has not met the standard under either Rule 30(b)(4) or Rule 26(c)(1), this court need not resolve that issue.

1    Here, plaintiff contends that her deposition should be conducted telephonically because
2 (1) "plaintiff is a primary care physician . . . and it is important that as such she be available to
3 previously scheduled patients"; (2) "on June 7, 2011, the City of Mount Shasta[, where plaintiff
4 resides,] is holding a special election that plaintiff would like to partake"; and (3) "a burden of
5 expense and time required for more than 440 miles travel distance is placed on the plaintiff to
6 travel to and from Sacramento." Dckt. No. 23.

7    However, defendants would suffer substantial prejudice if they were required to conduct
8 plaintiff's deposition telephonically. Dckt. No. 24 at 1. Specifically, defendants contend that
9 "[a] telephone deposition would not allow defendants' attorney to observe plaintiff's demeanor,
10 or to evaluate the impact of deposition questions on plaintiff, or plaintiff's nonverbal responses
11 to deposition questions; nor could defendants' attorney determine whether there is anyone else
12 present with plaintiff listening in or assisting plaintiff with her answers." *Id.*; *see also Dieng v.*
13 *Hilton Grand Vacations Co.*, LLC, 2011 WL 812165, at *1 (D. Nev. Mar. 1, 2011) (citing
14 William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure*
15 *Before Trial* § 11.443 (1997)) ("Telephonic depositions are not recommended for obtaining
16 controversial testimony, such as from a plaintiff, because the inquirer cannot observe the impact
17 of his or her questions, evaluate the witness' nonverbal responses, or be able to ascertain whether
18 anyone is listening in or coaching the witness.").

19    Moreover, although traveling to Sacramento for her deposition will certainly impose
20 some burden and expense on plaintiff, plaintiff has not shown that there is good cause to require
21 the deposition to be held telephonically or that requiring plaintiff to travel to Sacramento is
22 *unduly* burdensome or expensive, especially since plaintiff filed this action and the normal rule is
23 that a plaintiff "will be required to make himself or herself available for examination in the
24 district in which suit was brought." *Clinton,* 2009 WL 210459, at *5. "As such, the cost for a
25 plaintiff to attend a deposition in the forum in which the suit is brought is an ordinary, normally
26 necessary cost of litigation." *Id.; see also Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629

(C.D. Cal. Sept. 21, 2005) ("Since plaintiff has the burden under Rule 26(c) to show good cause for the issuance of a protective order requiring the depositions not be held . . . where they were noticed, and it has presented absolutely no evidence showing a specific and particular need for such protective order, its request is without merit."). Additionally, although plaintiff contends that she needs to be available to previously scheduled patients and wants to partake in the June 7, 2011 special election in the City of Mount Shasta, defendants offered to reschedule the deposition for June 10, 2011, so that plaintiff would have additional time to reschedule her appointments and so that she could participate in the special election, but plaintiff declined to discuss rescheduling the deposition date. Ernce Decl., Dckt. No. 24-1, ¶ 4 and Ex. B. Therefore, plaintiff has not shown that she is entitled to have her deposition conducted telephonically under Rule 30(b)(4) and has not shown that she is entitled to a protective order under Rule 26(c).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a telephone deposition, Dckt. No. 23, is denied; and

2. Plaintiff shall appear in person for her deposition at 10:00 a.m. on Tuesday, June 7, 2011 at the address designated in the notice of deposition, unless the parties agree to reschedule the deposition for another date and time.

SO ORDERED.

DATED: June 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE